UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Otis Faust, | ) | Civil Action No.: 0:07-cv-58-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Taylor; Director | ) | |
| Ozmint; Associate Warden | ) | |
| Burton; Major Felder; | ) | |
| Lieutenant McNeil; | ) | |
| IGC Mary Montouth; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, currently incarcerated at Leiber Correctional Institution in Ridgeville, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at Ridgeland Correctional Institution.

Pending before the court is Defendants' [Docket Entry #123] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #151] of Magistrate Judge Paige J. Gossett filed on May 19, 2009.[1]

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted because Plaintiff had failed to properly exhaust his administrative remedies. Plaintiff timely filed Objections [Docket Entry #154] to the Magistrate Judge's Report and Recommendation.

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

In his objections, Plaintiff does not dispute that he failed to properly complete the grievance procedure provided by the prison. However, without offering any proof other than mere conjecture, Plaintiff appears to argue that the grievance procedure was futile and that the prison intentionally refused to process his grievances.

Title 42 U.S.C. § 1997e(a) requires a prisoner to exhaust administrative remedies before bringing an action with respect to prison conditions under § 1983. The exhaustion requirement is mandatory and courts have no discretion to waive the requirement. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 814 (D..S.C. 2008). "Even where exhaustion may be considered futile or

inadequate, this requirement cannot be waived." *Johnson*, 567 F. Supp. 2d at 814. Additionally, exhaustion is required regardless of the relief sought. *Id*. As the United States Supreme Court has stated, "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

Because the exhaustion requirement is mandatory and this court has no discretion to waive exhaustion, Plaintiff's failure to properly complete the grievance procedure regarding the matters raised in his complaint is fatal to his claim. This court cannot waive the exhaustion requirement, which was specifically mandated by Congress, based on Plaintiff's perceived futility or inadequacy with the administrative grievance process. Plaintiff's mere speculation that the prison officials were intentionally not processing his grievances is insufficient to overcome the exhaustion requirement of § 1997e(a).

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit.

Accordingly, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #151] of the Magistrate Judge. Defendants' [Docket Entry #123] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

(signature page to follow)

Florence, South Carolina  s/ R. Bryan Harwell
July 22, 2009  R. Bryan Harwell
 United States District Judge